IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HAROLD W. ALLEN,

                 Plaintiff,                   ORDER

      v.

                                             09-cv-753-bbc

SOCIAL SECURITY,

                 Defendant.

---

       Plaintiff Harold Allen, proceeding without a lawyer, has filed a lawsuit asking the court to help him get "disability."  He names "Social Security" as a defendant.  Plaintiff asserts that he is unable to work and that he has been denied disability repeatedly since 2003.  I infer that he is contesting a decision by the Commissioner of Social Security to deny plaintiff's application for social security disability benefits.

       Plaintiff seeks to commence this lawsuit without prepayment of the filing fees and costs or providing security therefor, pursuant to 28 U.S.C. § 1915.  To determine whether a plaintiff qualifies for indigent status, the court uses the following calculation:  From plaintiff's annual gross income, the court subtracts $3700 for each dependent, excluding the plaintiff.  If the balance is more than $32,000, the plaintiff must prepay all fees and costs.  Substantial assets or debts require individual consideration.

       According to plaintiff's affidavit, he is married.  He and his spouse have a combined annual gross income of $45,805.68.  (Plaintiff's wife works and receives a monthly pension; plaintiff receives $1,500 monthly from an unspecified source.)  They have no dependents.  Although they have a substantial number of monthly obligations, none is out of the ordinary.  Accordingly, because plaintiff's annual income is more than $32,000, his application for leave to proceed without paying the filing fee must be denied.

In addition, plaintiff has failed to allege facts in his complaint showing that this court has the authority to decide his case. Under 42 U.S.C. § 405(g), this court has authority only to review a "final" decision of the Commissioner of Social Security denying a plaintiff's application for social security disability benefits. Under the social security rules, a decision denying social security benefits does not become final unless the claimant has completed all the steps of the administrative process, including filing a request for review with the Appeals Council. When the Appeals Council denies review, the decision of the commissioner becomes "final" and an appeal to federal court is permissible. Plaintiff has not alleged in his complaint that he has completed all the steps of the administrative process and obtained a final decision from the commissioner.

Instead of dismissing the complaint on the ground that it fails to state a claim for which relief may be granted, the court will allow plaintiff the opportunity to submit more information that shows that he has obtained a final decision from the commissioner on an application for social security benefits. The easiest way to do this would be for plaintiff to submit a copy of the letter from the Appeals Council denying his request for review, which plaintiff should have received if he completed the administrative process.  If plaintiff has not taken all the steps needed to complete the administrative review process or has not yet received a final decision, then he may wish to abandon this case instead of paying the $350 filing fee.

ORDER

IT IS ORDERED that plaintiff's request to proceed *in forma pauperis* is DENIED.  If plaintiff wants to pursue this action, then he must pay the $350 filing fee no later than January 5, 2010.  If he decides to pay the filing fee, then he must also submit additional information to the court showing that he has received a final decision from the Commissioner of Social Security.

If plaintiff either fails to pay the filing fee or submit the additional information requested by January 5, 2010, then the court will dismiss his lawsuit.

Entered this 16th day of December, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge